[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 26, 2007
THOMAS K. KAHN
CLERK

No. 06-16586
Non-Argument Calendar

_____

BIA No. A95-895-002

LUZ MARY VELASCO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 26, 2007)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Luz Mary Velasco, proceeding through counsel, petitions for review of the Board of Immigration Appeal's ("BIA's") November 28, 2006, order denying her motion requesting a ruling on a previously filed motion to reopen. On appeal, Velasco challenges the denial of her motion to reopen, arguing that the BIA abused its discretion due to the existence of exceptional circumstances justifying a reopening. She argues that the BIA denied her motion to reopen without considering her marriage to a permanent resident, which gives her the right to an adjustment of status. She argues that she has complied with all of the requirements to qualify for an adjustment of status. Accordingly, she claims that the BIA's denial of her motion to reopen was erroneous and not within the spirit of 8 C.F.R. § 1003.2(a). She asserts that she has established prima facie eligibility for relief from deportation and has presented good cause to have her case reopened so as to allow the court to entertain her application for an adjustment of status.

We review the denial of a motion to reopen for abuse of discretion. Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006). "[Our] review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (internal quotation and citation omitted).

Generally, "an alien may file only one motion to reopen removal proceedings . . . and that motion must be filed no later than 90 days after the date

on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). An exception to the timely filing requirement exists if the alien is reapplying for asylum and withholding of removal "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). However, the BIA has discretion to deny a motion to reopen even if the moving party has made out a prima facie case for relief. 8 C.F.R. § 1003.2(a). A party may only file one motion to reopen a removal proceeding, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(A), (B).

The BIA has held that a motion to reopen removal proceedings may be granted to allow an alien the opportunity to pursue an application for adjustment when certain factors are present, including: (1) a timely-filed motion, and (2) the motion is not numerically barred. In re Velarde-Pacheco, 23 I&N Dec. 253, 256 (BIA 2002)(en banc).

If a party fails to offer argument on an issue, that issue is deemed abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

3

As an initial matter, the BIA's November 28, 2006, order, which stated that it had previously ruled on her motion to reopen, held that her motion was time-barred and number-barred. Accordingly, Velasco's failure to raise any challenge with respect to these issues constitutes abandonment of those issues.

Notwithstanding Velasco's abandonment of the relevant issues for purposes of appeal, the BIA did not abuse its discretion in denying her motion. Velasco first raised the issue of her marriage as a basis for reopening in her April 24, 2006, motion to reopen and remand. However, she had previously filed a motion to reopen on February 15, 2006. Thus, her motion to reopen based upon her marriage was presented in her second motion to reopen, approximately 14 months after the BIA had affirmed the IJ's order of removal on February 1, 2005. Accordingly, her motion was number-barred and time-barred, and it did not fit the "changed country circumstances" exception to the time-bar. The BIA has held that a motion to reopen to seek an adjustment of status may be granted when the motion is neither time-barred nor number-barred.

In addition, the BIA's May 18, 2006, order held that Velasco's April 24 motion to reopen was time-barred and number-barred. Accordingly, the BIA properly denied that motion based upon time and number limitations, and did not abuse its discretion.

**PETITION DENIED.**